## Brotherhood of Railroad Trainmen v. Martin.

(Decided Nov. 20, 1934.)

H. C. CLAY and W. A. HAMM for appellant.

C. R. LUKER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, Brotherhood of Railroad Trainmen, is a fraternal society or co-operative association of employees in certain branches of railroad service. It has a grand lodge and subordinate lodges with a constitution and general rules adopted and amended from time to time by its conventions of delegates. It is of the class of fraternal benefit societies embraced within the terms of section 681c-1 et seq., Kentucky Statutes. In so far as its activities are related to the case at bar, they are three in kind: (1) For stipulated premiums it issues certificates of insurance covering disability and death. (2) It entertains claims under that insurance certificate which are not included in the specified compensable injuries. This financial assistance is optional and voluntary. (3) For graduated monthly payments members having a specified status may be admitted into its "Pension Department" and become entitled to certain annuity benefits payable monthly in case of "total and permanent disqualification," or upon retirement on account of advanced age. Section 681c-5, Kentucky Statutes.

The appellee, Everett B. Martin, formerly a railroad brakeman, in this suit to recover the accruement and to be adjudged the right to future sums of $30 a month, set up his membership in the pension department and his eligibility to receive its benefits because of total and permanent disability through the accidental loss of an eye in October, 1929, asthma, caused by heart affection, lumbago, and other afflictions.

In addition to a traverse, an issue was raised as to whether or not the plaintiff was precluded from maintaining the suit. This arose from the provisions of the constitution and general rules of the order, forming a part of the contract, which declared that the action of its pension board and, on appeal, of its insurance board, was final and conclusive. These boards had disapproved Martin's claim. The defendant also pleaded a settlement and release executed by the plaintiff. At the conclusion of the introduction of evidence, total and permanent disability being conclusively established, with no evidence of any degree or kind to the contrary, the court gave a peremptory instruction for the plaintiff. On this appeal by the Brotherhood, the arguments principally relate to the matter of the right to maintain the action, or the validity of the rule attempting to preclude the plaintiff from suing on his contract, and

to the effect of the release or settlement. It is not necessary to consider the validity of the rule, for the court is of the opinion that the release and acquittance covered this claim as well as that which had been asserted under the plaintiff's insurance certificate.

The appellee's insurance contract called for the payment of $5,000 in case of his total and permanent disability. This was controlled by section 68 of the constitution of the order. That section in force at the time he lost his eye provided, among other things, that if the insured should suffer the complete and permanent loss of the sight of one eye, he should be considered as totally and permanently disabled and thereby entitled to receive the full amount of his insurance certificate. He sued to recover on that contract. On December 4, 1931, that suit was compromised by the payment of $4,600 and Martin executed a release and settlement agreement. That instrument is as follows:

" 'Release,' Whereas, the undersigned, Everett B. Martin, of Lily, Ky., received beneficiary certificate No. C-432127 from the Brotherhood of Railroad Trainmen on or about the 17th day of March, 1925, and

"Whereas, the said Everett B. Martin increased his insurance and received beneficiary certificate No. G-15553 from the Brotherhood of Railroad Trainmen in lieu of the said Certificate No. C-432127 on or about the 1st day of June, 1928, and

"Whereas, claim was made by said Everett B. Martin against the Brotherhood of Railroad Trainmen for benefits under and by virtue of the said certificate No. G-15553, and

"Whereas, a suit was commenced by the said Everett B. Martin against the Brotherhood of Railroad Trainmen, in the Circuit Court of Laurel County, Kentucky, on or about the first day of August, 1931, in which suit claims are made and asserted that said Everett B. Martin is entitled to the insurance provided for and by virtue of the terms of the said Certificate No. G-15553, and

"Whereas, the Brotherhood of Railroad Trainmen has denied liability, but both parties to this release are willing to compromise, and have agreed to adjust and settle the matter for the sum of Four Thousand Six Hundred ($4,600.00) Dollars, and

"Whereas, said claim and action at law for said insurance has been settled and compromised for the sum of four thousand and six hundred ($4,600.00) dollars, and

"Now, therefore, in consideration of the payment of the sum of four thousand six hundred ($4,600.00) dollars, and for other good and valuable consideration, receipt is hereby acknowledged, and

"The undersigned, Everett B. Martin, has remised, released and forever discharged, and by these presents for himself, his heirs, executors, administrators, beneficiaries and assigns, remises, releases and forever discharges the said Brotherhood of Railroad Trainmen of all manner of actions, causes of action, suits, debts, damages, judgments, costs, claims and demands whatsoever in law or in equity against said Brotherhood of Railroad Trainmen which he has ever had, now has, or which his heirs, executors, administrators, beneficiaries or assignees now have or shall ever have by reason of the membership of the said Everett B. Martin in the Brotherhood of Railroad Trainmen and the issuance to him of any beneficiary certificate of insurance, and it is further understood and agreed that the herein mentioned suit shall be forever dismissed by him."

At the time the suit on the insurance policy was filed and that settlement made, it appears that Martin's application for benefits under his pension certificate because of his "total and permanent disqualification" had been disallowed by the pension board and its action had been appealed to the insurance board which, as indicated, is a tribunal of the order whose decisions are declared by the rules to be final. The record does not show that the appellee's claim on account of his pension certificate was subsequently refused by the insurance board upon the ground of this release and settlement, or, indeed, upon what ground it was disallowed. By amended answer the defendant in this action relied upon that instrument as a settlement of the claim for pension benefits also. The reply pleaded that there was an agreed settlement only of his claim under the insurance contract; that it was never contemplated by either party to include the pension claim; and that there was no other consideration for the release agreement than the claim asserted and sued upon on account of the

insurance certificate. The plaintiff set up that the defendant's attorneys and agents well knew that he was intending to bring suit on his pension certificate and that he was particularly careful about signing this release and would not sign it until he was assured by defendant's counsel and his own that it was only the settlement of the pending suit on the insurance policy and did not embrace his pension claim; and that but for such assurance and representations he would never have signed the release or accepted payment under it. He averred that it was never understood by him to include this claim and did not represent the intention of the parties. This alleged fraud and misrepresentation was attempted to be pleaded as an estoppel against the defendant's relying upon the instrument as a bar to the present suit.

The writing, which the plaintiff signed on the advice of counsel, very specifically declares it to evidence the settlement of all claims and definitely releases and discharges the Brotherhood "of all manner of actions, causes of action, suits, debts, damages, judgments, costs, claims and demands whatsoever," which the plaintiff had or shall ever have by reason of his membership in the Brotherhood, "and the issuance to him of any beneficiary certificate of insurance, and it is further understood and agreed that the herein mentioned suit shall be forever dismissed by him."

Only those members of the Brotherhood who carried insurance of the character which the plaintiff had were eligible to become members of the pension department and entitled to its benefits by the payment of stipulated additional premiums or assessments. Therefore, the plaintiff would have had no claim on any pension certificate but for his insured status. While the evidence of the plaintiff and of the defendant's local attorney, who recomended the settlement, is to the effect that they understood it was only in compromise of the insurance suit, the instrument was prepared in the head office of the Brotherhood and is comprehensive enough to cover the claim he was then asserting under his pension certificate. To avoid its effect the plea is simply that the plaintiff did not intend it to be so broad. There is no effort made to reform the instrument because of alleged fraud on the part of the Brotherhood or mutual mistake of both parties. If that had been or should be done, another question would be presented.

As it is, the plaintiff cannot escape the effect of his settlement without tendering back the money he received under it. The return or offer to return money received in compromise of a disputed claim is a condition precedent to setting aside the settlement for fraud or on other grounds and suing on the original claim. This applies to actions on contract as well as for tort. Home Benefit Society of New York v. Muehl, 109 Ky. 479, 59 S .W. 520, 22 Ky. Law Rep. 13787, rehearing denied 60 S. W. 371, 22 Ky. Law Rep. 1264. This rule of law has been fully treated in the recent case of Kentucky Central Life & Accident Insurance Company v. Burrs, 256 Ky. 64, 75 S. W. (2d) 744. No tender has been made of the amount received under the settlement so far as this record discloses. Unless the release agreement should be reformed through proper procedure, or the money received under it returned, or offered to be returned, it effectually bars recovery by the plaintiff under his pension certificate.

It is not necessary, therefore, to render a decision upon the validity of the provisions of the by-laws of the order which in effect preclude a member from resorting to the courts when his claim for benefits under the so-called pension certificate (which is really an insurance contract) has been rejected by the tribunals of the order, or to determine the extent to which the member is bound by that agreement, or to say what interpretation of the by-laws should be given in respect to exhausting the remedies within the order. It may be said, however, that the plaintiff would at least have the right to show upon a proper pleading that he had not been given a fair, reasonable, and impartial hearing and that he was entitled to an injunction requiring the boards to hear his cause; or, if he had been given a hearing, that the action or decision of the board was arbitrary or fraudulent. There is very little in this record as to just what evidence was presented to the pension board, the appeal to the insurance board being made upon the record presented. before it. The whole matter should be disclosed to the court. This case does not present for review the action in determining Martin's right under the constitution and rules of the order. His rights thereunder are not affected by this opinion. See Brotherhood of Railroad Trainmen v. Swearingen, 161 Ky. 665, 171 S. W. 455; Aulich v. Craigmyle, 248 Ky. 676, 59 S.W.(2d) 560. We cannot

442

understand how on the evidence presented in the record before us any impartial judicial body could have denied the claim. It appears to have been a just one.

For the reason given, the judgment is reversed, and the case remanded for consistent proceedings.

Whole court sitting.