## Hubbard's Adm'x v. Louisville & N. R. Co.

(Decided Feb. 26, 1937)

GEORGE R. POPE and G. C. RAWLINGS for appellant.

J. C. BAKER and LOW & BRYANT and J. MILLER WHITE and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

Appellant, as administratrix of the estate of her deceased husband, Charles Hubbard, brought this action to recover damages in the sum of $15,000 alleged to have been suffered on account of his death. Appellee filed an answer containing three paragraphs. The first paragraph alleged that on the 10th of November, 1934, the appellant and appellee entered into a written contract of settlement of all claims or damages of every character suffered by the estate of the decedent in consideration of the sum of $160, which was paid in cash by appellee. The second paragraph of the answer contained a general denial of the allegations of the petition, and the third paragraph contained a plea of contributory negligence. In avoidance of the settlement pleaded in the answer, plaintiff filed a reply in which she alleged "that at the time of signing the release, she believed and it was represented to her that she was drawing from a burial fund at the coal company office, aforesaid and did not at any time know that she was settling with the Louisville and Nashville Ralroad Company agent nor did she know he was a railroad agent until suit was filed and the settlement found on the record of the County Court Clerk of Harlan County; that at the time of making the settlement she did not understand that she was making a settlement with defendant nor was the settlement read to her or given a chance to understand the significance of the settlement and relied upon the statements of the defendant's agent and signed for the burial fund settlement only; that by signing the settlement herein, she was misled by him and misinformed of what she was signing and owing to her great grief and suffering, trusted the party to do the right thing in the execution of the paper, and she did not agree at any time to settle with the railroad company for the death of her husband and she was not paid anything for any settlement of her husband's death by defendant."

The court sustained a demurrer to the above paragraph of appellant's reply. Thereupon appellant withdrew her denial of the execution of the contract of settlement, and, on motion of appellee, the first paragraph of its answer (pleading the settlement) was taken as confessed, and the petition was dismissed. This appeal is prosecuted from the judgment sustaining the demurrer and dismissing the petition. The only question presented is the sufficiency of the plea contained in appellant's reply to avoid the efficacy of the settlement pleaded in the answer. It is argued for appellee that the demurrer to the above-mentioned paragraph of the reply was properly sustained because appellant did not tender or return the sum paid in settlement of her alleged cause of action.

It is the general rule in tort cases that a party who has received money in settlement of a claim for unliquidated damages must return, or offer to return, the consideration received before he can avoid the contract of settlement upon the ground of fraud in its procurement. Louisville & N. R. Co. v. McElroy, 100 Ky. 153, 37 S. W. 844, 18 Ky. Law Rep. 730. The reason for the rule is well presented in the case of Vandervelden v. Chicago & N. W. Ry. Co. (C. C.) 61 F. 54, expressly approved in Louisville & N. R. Co. v. McElroy, supra. Appellant seeks to avoid the result of the application of this general rule by bringing herself within the well-recognized exception that, where a payment is received for the undisputed part of a claim or for an undisputed claim between the same parties entirely separate from the claim sued on, and by reason of the fraud of the defendant the contract of settlement includes the claim sued on, no return of the consideration is required as a condition precedent to avoiding the effect of the release in so far as it affects the claim or portion of the claim then in litigation The reason for this distinction is patent and simple. Where the money is given in settlement of a claim, the claim itself is extinguished. Where, however, the money is given in satisfaction of only a liquidated portion of a claim or in satisfaction of an entirely distinct claim, there is no extinguishment of the claim sued on, and therefore no reason for seeking to put the defendant in statu quo.

In the case at bar appellant has expressly admitted the execution of the contract of settlement and the receipt by her of the sum of $160 *from the appellee* in dis-

charge of her claim here prosecuted. Certainly the effect of this settlement and the payment of the consideration thereunder was to extinguish appellant's claim against the railroad company.

The only effort which appellant makes to avoid the effect of this release is the claim that the money was paid to her on the representation that she was drawing from a burial fund due her *from the coal company* where her husband had been working. Accepting her allegation as true, this was not in payment of a claim between herself and the railroad company at all, or even the settlement of a part of her alleged claim against the railroad company within either of the exceptions above mentioned. It is not claimed that the railroad company paid the $160 *on behalf* of the coal company. Nor is it asserted that the claim against the coal company has been, in fact, satisfied. Under the circumstances, therefore, by her own pleading she has presented a case in which she has received $160 of the railroad company's money to which she is in no wise entitled unless the money was given in settlement of the claim here prosecuted. Plainly under these circumstances, even if it was guilty of the fraud charged, the railroad company was entitled to be placed in statu quo by the repayment of the consideration with which it had parted in the vain hope of buying its peace before appellant could disaffirm her contract and proceed on the original cause of action. The cases of McGill v. Louisville & N. R. Co., 114 Ky. 358, 70 S. W. 1048, 24 Ky. Law Rep. 1244, and Hooks v. Cornett Lewis Coal Co., 260 Ky. 778, 86 S. W. (2d) 697, relied on by appellant, were both decisions where the court held that the claim fell within the exception to the general rule, and not within the rule itself as does the case at bar. In the McGill Case there was a settlement of a part of a claim not, apparently, disputed. It was claimed that the disputed liability was not included in the amount paid and was not included in the cause of action on which suit was brought. The court held that there need be no tender of the payment before litigating the unsettled portion of the claim. In the Hooks Case it was claimed that a payment was made by an insurance company and a release procured by fraud exonerating the defendant coal company. Plainly, in that case the coal company had parted with nothing on the faith of the settlement, and there was nothing, therefore, to tender or return.

In the case at bar the appellee did, itself, pay the consideration for the settlement, and, under the settled rule, it is entitled to its money back before the original claim is prosecuted. We think that the trial court was correct in sustaining the demurrer to the reply.

Judgment affirmed.