## Callahan v. Fluhr et al.

(Decided March 9, 1937.)

JAMES T. ROBERTSON and LUKINS & JONES for appellant.

WOODWARD, DAWSON & HOBSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Charles Callahan instituted this action in the Jefferson circuit court against Harvey Fluhr and H. J. Steilberg and Arthur M. Steilberg, trading and doing business as H. J. Steilberg & Son, or Steilberg Construction Company, seeking to recover damages in the sum of $53,500 for personal injuries sustained when he was struck by an automobile of H. J. Steilberg & Son which he alleges resulted from the negligent operation of the automobile by Harvey Fluhr who was at the time the agent and servant of his codefendants and acting in the course of his employment.

In addition to a traverse of the material allegations of the petition defendants in a second paragraph of their answer interposed a plea of contributory negligence and in a third paragraph alleged that after the accident complained of, plaintiff asserted claim against

them and an agreement was reached whereby he agreed to and did accept the sum of $89.85 in full compromise and settlement of his claim and signed and delivered to defendants a writing releasing them from any and all claim by reason of the accident.

By reply plaintiff denied the affirmative allegations of the answer and affirmatively alleged that he was induced to enter into the compromise and settlement and to sign the release referred to in the answer through fraud and misrepresentation upon the part of defendants. In an amended reply plaintiff set out with more particularity the alleged fraud and misrepresentation. The court sustained a demurrer to the reply as amended, and plaintiff declining to further plead, his petition was dismissed and he is appealing.

In sustaining the demurrer to the reply the court made a written memorandum found in the record reciting in substance that the principal point of alleged fraud is that the representative of appellees in procuring the settlement represented to him that his doctor had discharged him and he was thereby deceived and induced to sign the release. It is further stated in substance in the memorandum that plaintiff knew or should have known whether his own doctor had discharged him and that the demurrer should be sustained despite concession by counsel for appellees that the reply was probably technically sufficient.

The original brief filed on behalf of appellant is addressed entirely to the sufficiency of the second paragraph of the reply respecting the alleged fraud and misrepresentation in procuring plaintiff to enter into a compromise and settlement and to sign the release. It is argued in brief for appellees that the demurrer to the reply was properly sustained because it did not allege that appellant had tendered or offered to tender back the money paid to him by appellees in settlement and release.

By reply brief counsel for appellant assert that appellees waived any question of tender and only the sufficiency of the allegations of the reply respecting fraud and misrepresentation was argued or considered by the court.

Counsel for respective parties have gone outside the record and refer to matters which of course cannot

be considered by this court, as the appeal must be determined by matters in the record.

It is not alleged, nor is it otherwise made to appear in the record that appellant paid back or even tendered or offered to pay back the sum he received by way of the alleged compromise and settlement of his claim.

We have carefully read and considered the reply, as amended, and doubt whether such fraud or misrepresentation is alleged as would avoid the compromise settlement and release; however, if the sufficiency of the reply in this particular be conceded, a reversal would not be authorized if the demurrer should have been sustained on any other ground.

In the case of Kentucky Central Life & Accident Ins. Co. v. Burrs, 256 Ky. 64, 75 S. W. (2d) 744, 745, it is said:

> "There is a general rule prevailing in this and practically all other jurisdictions that one seeking to avoid or set aside a compromise settlement and to be remitted to his original rights must return or offer to return whatever he has received under the compromise settlement, and the party seeking such a rescission should allege the return or tender of return prior to or contemporaneous with the institution of the action."

As supporting the rule referred to in the quoted excerpt, the opinion cites a number of cases from this and other courts, including Fox v. Hudson's Ex'x, 150 Ky. 115, 150 S. W. 49, Ann. Cas. 1914A, 832; Louisville & N. Ry. Co. v. McElroy, 100 Ky. 153, 37 S. W. 844, 18 Ky. Law Rep. 730; Western & Southern Life Insurance Company v. Quinn, 130 Ky. 397, 113 S. W. 456; Wells v. Royer Wheel Company (Ky.) 114 S. W. 737.

In the case of Charles Toppas v. Velma Perkins' Adm'r, — Ky. — , — S. W. (2d) — (decided by this court February 16) it was said in effect that in cases of this character it is unnecessary that the plaintiff should anticipate that a compromise settlement or release will be relied on as a defense; that since release or discharge is an affirmative defense it must be specifically pleaded, and if pleaded, it is then incumbent on plaintiff to respond to it. It was held that the requirement and purposes of the tender are met if made when the party in-

stituted an effort to vacate and set aside the contract of settlement or release which is generally by reply; and in harmony with the general trend of authority it is said:

"The restoration or offer of restoration is made in order to accomplish the avoidance of the release and is a condition precedent to doing so."

In the light of the authorities cited, it is apparent that the reply was fatally defective, and the demurrer should have been sustained.

Judgment affirmed.