### Baker's Adm'x v. Louisville & N. R. Co.

June 3, 1941.

14

Floyd Taylor for appellant.

H. L. Bryant for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Farris Baker was run over and killed by one of appellee's trains on November 8, 1938, and Maxline Brock qualified as administratrix of his estate on November 9, 1938. On November 1, 1939, she brought an action against the Louisville & Nashville Railroad Company to recover damages for her intestate's death which she alleged was caused by the negligent and careless operation of defendant's train. The defendant answered, pleading in bar of the action a contract of settlement entered into with the plaintiff. The answer also contained a traverse and a plea of contributory negligence. In paragraph 1 it was alleged, in substance, that immediately upon the plaintiff's appointment and qualification as administratrix of Farris Baker's estate she presented to the defendant a claim on account of the fatal injuries which her decedent received and asserted that they were caused by the negligence of the defendant. The defendant denied liability, but, in order to settle the claim, did on November 9, 1938, enter into a written contract with the plaintiff which was signed by her and by the terms of which all claims which the plaintiff or the estate of Farris Baker, deceased, had as a result of the alleged injuries and death of the decedent were fully and completely compromised, settled, discharged, and satisfied in consideration of the sum of $205 which was then and there paid in cash by the defendant to the plaintiff as such administratrix. The plaintiff moved the court to require the defendant to file the written contract mentioned in paragraph 1 of its answer, and the motion was overruled. In paragraph 2 of her reply the plaintiff alleged that the contract of settlement relied upon as a bar was obtained by

the defendant fraudulently and at a time when she was sick and nervous and mentally unable to understand the transaction, and that the sum of $205 was inadequate. Later she filed an amended reply alleging that she did not know she was signing a paper settling her claim, but thought she was signing a paper to get possession of the body of her decedent; that she had been in ill health for a long time, and she was mentally unable to understand the contents of the paper. There was no allegation either in the second paragraph of the reply or in the amended reply that the plaintiff had restored to the defendant, or offered to restore to it, the amount of money paid to her under the contract of settlement. A demurrer to paragraph 2 of the reply and to the amended reply was sustained, and the plaintiff was given leave to amend. She filed a demurrer to the first paragraph of the defendant's answer, and then tendered a second amended reply pleading duress, constraint, and undue influence on the part of the defendant in the obtention of the contract of settlement, but she did not allege a return of the money which she had been paid under the contract or an offer to return it. The defendant objected to the filing of the second amended reply, and the court sustained the objection and refused to permit it to be filed. Plaintiff's demurrer to the first paragraph of defendant's answer was overruled, and, the plaintiff having declined to plead further, a judgment was entered dismissing her petition.

On this appeal it is argued that the trial court erred in overruling the plaintiff's motion to require the defendant to file the written contract of settlement relied upon as a defense, and in sustaining the defendant's objection to the filing of the second amended reply. Appellant cites section 120 of the Civil Code of Practice in support of her claim that appellee should have been required to file the written contract of settlement. This section of the Code reads:

> "If an action, counterclaim, set-off or cross-petition be founded on a note, bond, bill or other writing, as evidence of indebtedness, it must be filed as a part of the pleading, if in the power of the party to produce it; and if not filed, the reason for the failure must be stated in the pleading; if upon an account, a copy thereof must be filed with the pleading."

The written contract of settlement is not evidence of indebtedness within the meaning of this section of the Code, but is the kind of writing referred to in section 128 of the Civil Code of Practice, which provides that a party may file as an exhibit with his pleading or with leave of court at any time pending the action any writing upon which he may intend to rely as evidence. It is a writing which a party may file with his pleading and offer as evidence during the trial, but he is not required to file it. Burkhart v. Loughridge, 116 Ky. 604, 76 S. W. 397, 25 Ky. Law Rep. 815.

The appellee insists that the second amended reply cannot be considered on appeal since it has not been made a part of the record by order, or otherwise, and that it must be assumed that the ruling of the trial court in refusing to permit it to be filed was correct. But, waiving this question and treating the pleading as properly before us, we have concluded that the plea contained in the second amended reply was insufficient to avoid the contract of settlement and that the court's ruling was proper. The rule in this jurisdiction is that one seeking to avoid a compromise settlement and to be remitted to his original rights must return or offer to return whatever he has received under the settlement, and this rule applies to actions in tort as well as to those growing out of contract. The party seeking to avoid the compromise settlement should allege the return or tender of return of consideration received, and in the absence of such an allegation the plea of compromise and settlement contained in the answer is a good defense. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. (2d) 423; Hubbard's Adm'x v. Louisville & N. R. Company, 267 Ky. 435, 102 S. W. (2d) 343. Restoration to the defendant of the consideration received in compromise of a disputed claim or offer to restore it is a condition precedent to setting aside a settlement for fraud or on other grounds. Poteete v. Moore, 277 Ky. 233, 126 S. W. (2d) 161; Callahan v. Fluhr, 267 Ky. 637, 103 S. W. (2d) 109; Mutual Benefit Health & Accident Association v. Kidd, 259 Ky. 261, 82 S. W. (2d) 312; Brotherhood of Railroad Trainmen v. Martin, 256 Ky. 436, 76 S. W. (2d) 269; Howell v. Louisville & N. R. Company, 251 Ky. 662, 65 S. W. (2d) 748; Louisville & N. R. Company v. McElroy, 100 Ky. 153, 37 S. W. 844, 18 Ky. Law Rep. 730; Patterson v. Cincinnati, N. O. & T. P. Railway Company, D. C., 5 F. Supp. 595.

The plaintiff admitted in her pleadings that she released her claim for damages and received a consideration therefor, but asserted that she was overreached and was induced to execute the contract of settlement by defendant's fraud, duress, and coercion. Her complaint relates to the acts inducing the execution of the contract and not to the nature of the release. Having failed to allege that she had returned to appellee the money which it had paid to her under the contract of settlement or that she had offered to do so, the trial court did not err in refusing to permit her to file the second amended reply.

The judgment is affirmed.