## Mathis' Adm'r v. West Kentucky Coal Co.

Oct. 21, 1941.

R. L. Myre and Alexander & Reed for appellant.

Wheeler & Shelbourne for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

I. F. Peeler, administrator of the estate of Jesse Nathan Mathis, deceased, brought this action in the McCracken Circuit Court against the appellee, seeking to recover of it for the wrongful death of his decedent under an Act of Congress known as the Jones Act, 46 U. S. C. A., Section 688. It is alleged in the petition in substance that the deceased was employed as a deck hand upon the steam boat owned and operated by appellee, and while in the performance of his duties he fell from the boat into the Mississippi River and drowned. The petition further set out in detail the cause of decedent's falling into the river resulting in his death, and alleged that it was caused by the negligence of the officers and employees in charge of the steam boat.

Appellee filed its answer, the first paragraph of which consisted of a traverse only, and in paragraph two it alleged that after the appointment of the plaintiff as administrator of the estate of the deceased, the administrator and Nancy Mathis, the widow and chief beneficiary of the estate of deceased, entered into a compromise settlement for the death of the deceased and accepted from appellee the sum of $2,500 in full settlement of all claims against appellee on account of the alleged wrongful death of the decedent. Copies of the written agreements of settlement are filed as an exhibit with the answer, which read as follows:

"Received of West Kentucky Coal Company, Twenty-five Hundred ($2500.00) Dollars, in full settlement and satisfaction of any and all claims I have

against said Company, as Administrator of the estate of Nathan Mathis, deceased, and in full of any and all claims in favor of said estate against said Company, particularly claims growing out of or in any way resulting from the death of Nathan Mathis, on or about the 22nd—23rd day of January, 1939, about midnight, when said Nathan Mathis was drowned in the Mississippi River, in the State of Tennessee, at a point approximately opposite Keys Point, Tennessee, while in the employ of said West Kentucky Coal Company, as a deck hand on the Steamer, 'Marcia.' (Richardson) R. V.

"Any and all actions in favor of the Administrator of said estate or the beneficiaries thereof, given under the law of the State of Tennessee, under the law of the State of Kentucky, or under the maritime law, for 'or growing out of the death of said Nathan Mathis, are expressly waived, released and fully satisfied, in consideration of the payment of said sum of Twenty-five Hundred ($2500.00) Dollars, receipt whereof is acknowledged.

"In Testimony Whereof, witness my hand this the 2nd day of February, 1939.

"Witnesses:   .I. F. Peeler
"R. W. Vennum  Administrator of the estate of
"Felix Simpson  Nathan Mathis, deceased
                   X His mark

"Mark of I. F. Peeler witnessed by
    Brady M. Stewart, County Judge."

"I, Nancy Bell Mathis, widow of Nathan Mathis, approve the settlement made by the Administrator of the estate of my late husband, as evidenced by the above receipt and release, and in consideration of the payment of said sum of Twenty-five Hundred ($2500.00) Dollars, to said Administrator, I hereby waive and release any claim I have as surviving spouse on account of the death of my said husband, given me under the laws of any State, or under the Maritime law.

"This the 2nd day of February, 1939.

"Witness:
"R. W. Vennum
"Felix Simpson             Nancy Mathis"

In paragraph three of the answer appellee further alleged that prior to the institution of this action, Nancy Mathis, widow of the deceased, made application under the Longshoremen and Harbor Workers' Compensation Act, 33 U. S. C. A., Section 901 et seq., for compensation on account of the death of decedent and that that claim was still pending before a Commissioner of the United States Compensation Commission and for that reason the present action should be abated until the said claim was disposed of by said Commissioner. The prayer of the answer was that the petition be dismissed, or if that could not be done said action be abated.

Appellant filed his reply admitting that he received the sum of $2,500 from appellee but denied that same was in settlement for the death of his decedent and alleged that it was a gift. He further alleged that said purported settlement was procured by fraud and misrepresentation by appellee's agents and representatives, and set out in detail the facts relied on as constituting the alleged fraud. Since, however, the case must be affirmed upon a ground other than the question of fraud or the pendency of the claim before the United States Board, it becomes unnecessary for us to determine those questions.

Appellant further alleged that he is not required to tender back to defendant (appellee) the said sum of $2,500 because same was delivered to him as a gift by defendant. He made no tender or offer to pay back said sum of money to appellee either before the institution of the action or during progress of the litigation. The court sustained a demurrer to paragraphs two and three of the reply and appellant (plaintiff) failing to plead further his petition was dismissed. This appeal follows.

In reference to appellant's claim that the $2,500 admittedly received by him was a gift by appellee and not intended to be in settlement of his claim for the alleged wrongful death of decedent, such contention is utterly untenable, since the writings or receipts signed by the parties specifically state in plain and unambiguous language that the $2,500 was received and accepted by the administrator and the widow in settlement of the claim against appellee for the alleged wrongful death of the deceased. The writings which are copied in full above are self-explanatory and it needs no argument or

further comment to demonstrate that the administrator and the widow evidently understood that the sum of money received by them was not intended by appellee to be a gift, or accepted by them as such.

This brings us to consideration of the question of the necessity of appellant paying back or tendering or offering to pay back the $2,500 received by him pursuant to the compromise settlement. In addition to appellant's contention that he should not be required to pay back the $2,500 on the grounds that it was a gift, it is insisted that it was not necessary to do so in this class of action, since it was for unliquidated damages, and in support of that contention the cases of Poteete v. Moore, 277 Ky. 233, 126 S. W. (2d) 161; Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. (2d) 423, are cited and relied on. An examination of these cases discloses that instead of supporting appellant's contention, they tend to support appellee's contention, viz., that when parties enter into an agreed settlement of a disputed claim and a consideration paid therefor such consideration must be paid back or tendered and offered to be paid back to the other party before the party seeking to repudiate the settlement can maintain his action.

In addition to the authorities supra, we have the case of Baker's Adm'x v. Louisville & N. R. Co., 287 Ky. 13, 152 S. W. (2d) 276, 277, wherein we said:

"The rule in this jurisdiction is that one seeking to avoid a compromise settlement and to be remitted to his original rights must return or offer to return whatever he has received under the settlement, and this rule applies to actions in tort as well as to those growing out of contract. The party seeking to avoid the compromise settlement should allege the return or tender of return of consideration received, and in the absence of such an allegation the plea of compromise and settlement contained in the answer is a good defense. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. (2d) 423; Hubbard's Adm'x v. Louisville & N. R. Co., 267 Ky. 435, 102 S. W. (2d) 343. Restoration to the defendant of the consideration received in compromise of a disputed claim or offer to restore it is a condition precedent to setting aside a settlement for fraud or on other grounds. Poteete v. Moore, 277 Ky. 233, 126 S. W. (2d) 161; Callahan v. Fluhr, 267 Ky. 637,

103 S. W. (2d) 109; Mutual Benefit Health & Accident Association v. Kidd, 259 Ky. 261, 82 S. W. (2d) 312; Brotherhood of Railroad Trainmen v. Martin, 256 Ky. 436, 76 S. W. (2d) 269; Howell v. Louisville & N. R. Co., 251 Ky. 662, 65 S. W. (2d) 748; Louisville & N. R. Co. v. McElroy, 100 Ky. 153, 37 S. W. 844, 18 Ky. Law Rep. 730; Patterson v. Cincinnati, N. O. & T. P. Ry. Co., D. C., 5 F. Supp. 595.''

It results, therefore, that if for no other reason the court properly sustained the demurrer to appellant's reply on the ground that appellant (plaintiff below) failed to allege that he had returned or offered to return the consideration received by him in settlement of the claim. These conclusions make it unnecessary for us to determine other questions raised, all of which are reserved.

Judgment affirmed.