## Landrum (King's Administrator) v. Louisville & N. R. Co.

May 22, 1942.

A. H. Patton and Hazelrigg & Cox for appellant.

C. S. Landrum, S. T. Lively and Ervine Turner for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In the late afternoon of April 21, 1940, Mary Fouch King was run over by a passenger train of appellee and defendant below, Louisville and Nashville Railroad Company, on its line of railway in Breathitt county, Kentucky, some miles out of the city of Jackson. She was killed instantly, and it appears that the accident occurred off of any public road and while decedent was lying down on the track; but there was no trial of the case on its merits and the facts relating thereto so far as disclosed by the record will not be discussed.

This action against defendant was filed in the Breathitt circuit court on May 20, 1940, by one E. P. Landrum, styling himself as administrator of the estate of the deceased, as plaintiff, and in which he sought to recover of defendant $25,000 as damages to the estate of his decedent. Defendant demurred to the petition which in a general way charged negligence on the part of the agents and servants of the defendant in the operation of its colliding train, and which it was alleged was the proximate cause of the tragic event. Without waiving its demurrer defendant filed answer in four paragraphs, the first of which denied that plaintiff had ever been legally appointed or qualified as the administrator of the estate for which he assumed to act, and in that paragraph it was also set out that the alleged appointment of plaintiff as such administrator, though appearing regular on its face, was illegal, and void, for want of jurisdiction in the Breathitt circuit court to make it. Defendant then stated the reason for that charge, which was that on April 22, 1940, on the motion of decedent's surviving husband (although he was then an infant under 21 years of age) one Lottie Gillispie was appointed administratrix of the same estate, and she exe-

cuted bond and took the required oath and in every way became qualified to so act; that such appointment was never set aside or in any wise annulled, but remained in force and effect thereafter, and was in effect when Landrum was attempted to be appointed to the same position. Copies of the court orders substantiating such allegations were filed with the pleading.

Paragraph 2 repeated in condensed form the same abatement defense as set out in paragraph 1, and it included a denial of the negligence charged in the petition. Paragraph 3 interposed contributory negligence on the part of the deceased, and paragraph (4) pleaded a settlement of all liability growing out of the accident with Lottie Gillispie after her appointment and qualification supra, and defendant filed her receipt containing the terms of settlement and the amount paid, which was $110 and which plaintiff in his reply said was the amount of decedent's funeral expenses.

Plaintiff, without demurring to any of the paragraphs of the answer, filed reply thereto in three paragraphs, the first of which denied the want of jurisdiction in the Breathitt county court to appoint plaintiff as administrator of the estate of deceased; but there was no denial of the prior appointment and qualification of Lottie Gillispie as such fiduciary. However, it was denied in that paragraph of the reply that the later appointment of plaintiff was void or of no force or effect. The second paragraph denied the defense of contributory negligence, and the third one attempted to avoid the settlement made and relied on by defendant in its answer by averring that it was not only fraudulently procured, but that the appointment of the administratrix was also fraudulently made through collusion, participated in by defendant for the purpose of procuring the settlement which it later made.

Defendant demurred to each paragraph of the reply. The court sustained it as to the third paragraph, but made no ruling on the issues attempted to be raised by the other paragraphs of the reply. Plaintiff declined to plead further, and his petition was dismissed, to reverse which he prosecutes this appeal.

Counsel for appellant in seeking a reversal of the judgment by this court argue that their pleading charging fraud in the appointment of Lottie Gillispie as ad-

ministratrix of decedent's estate was sufficient in law to confer jurisdiction on the county court of Breathitt county to ignore her appointment and to substitute in her place a successor without disturbing her appointment in any manner whatever. They likewise argue that their pleaded avoidance of the settlement made with the administratrix who was first appointed representative of decedent's estate was sufficient to authorize the court to disregard it. But they nowhere tendered or offered to tender to defendant the amount paid by it in consideration of that settlement, nor did they interpose any legal reason why such requirement as is universally held by this court, should not be enforced. This opinion will be devoted to a disposition of those two arguments in the order named.

In the argument attempting to sustain the validity of the appointment of plaintiff as administrator of decedent's estate by the Breathitt county court there necessarily lurks the contention that the appointment of the first administrator of the same estate may be collaterally attacked for alleged fraud in procuring that appointment. It is admitted that fraud such as would vitiate the appointment of a personal representative would furnish grounds for his, her, or its removal under the provisions of Section 3846 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes; but a proceeding thereunder would be a direct attack on the appointment and not a collateral one, such as is attempted in this case. Therefore, the question arises whether the appointment of a personal representative by a proper probate tribunal followed by due qualification of the appointee, may be later ignored in a collateral attack by the same court without direct proceedings to remove the appointee, and another fiduciary appointed as representative of the same estate. The general rule embodying a negative answer to that question is thus stated in 21 Am. Jur. 450, Section 127, wherein the text says: "After a probate court has duly appointed a competent person administrator, it can make no further appointment to that office until the occurrence of one of those events or disabilities which either temporarily or permanently vacate the office, such as the death of the incumbent, the repeal of his authority, or his resignation. An appointment made before the happening of any of these contingencies is totally void. In other words, as long as letters of administration previously granted are still in force, a second grant

of letters of administration is void and open to collateral attack, and it has been held that this is true although the letters first issued were fraudulently obtained.''

The same negative answer is also contained in the text of 23 C. J. 1053, 1054, Section 142, a part of which says: ''Even though the first appointment in one county is erroneous to the extent of being voidable, although not void, another appointment cannot properly be made until due revocation of the former letters; nor is an existing executor or administrator removed simply by the appointment of another person to fill his place in the same jurisdiction, but the office must have first been made vacant by an accepted resignation or a removal of the first appointee, or by the concurrence of such events as by law creates a vacancy.'' However, each text recognizes the right of the probate court to so ignore a prior appointment of such fiduciary when for any reason the appointing order was void and not merely voidable.

In the case of White v. Brown, 7 T. B. Mon. 446, this court had before it the question now under consideration. In that case certain personal representatives had been duly appointed and qualified to represent a decedent's estate, and without their appointments becoming vacant for any cause, or any order of court vacating their appointment and qualification the court appointed another representative. We held that the second appointment was erroneous and without legal effect, and in doing so said, inter alia: ''Whatever may be the powers of the court over administration once granted, it is clear, that the grant being once made, there is no power to repeat it to others, until the first is revoked.'' The same principle was in effect sustained by the later case of Jacobs' Adm'r v. Louisville & N. R. Company, 10 Bush 263, and also in the still later case of Warfield v. Brand's Adm'r, 13 Bush 77. In those cases it was held, in substance, that a county court in this jurisdiction sitting as a probate court has original and exclusive jurisdiction in such matters and its order appointing a personal representative of a decedent's estate if fair on its face will be treated as valid, although it is made to appear that a prior appointment of a similar fiduciary had been made, on the presumption that following the first appointment it had become vacant by removal, resignation or other legal reason. However, it was also held that when the record contained facts refuting such presumption the

second appointment would be ineffectual and could not be sustained.

Plaintiff's counsel cite no authorities to the contrary but content themselves with a vigorous insistence that their charge of fraud in the appointment of Lottie Gillispie as personal representative of her decedent, though made in this, their collateral attack of her appointment, justified the probate court in ignoring it and treating her appointment as void and without effect, with the consequent result of vesting the court with jurisdiction to appoint her successor, or a substitute representative. Such contention, however, is. in the face of the authorities supra, and cannot be sustained. The judgment of the court, therefore, dismissing the action could well be rested upon the ground that plaintiff possessed no legal right to maintain the action (see the case of Helen Vassill's Adm'r v. Leslie Scarsella, ... Ky. ..., ... S. W. (2d) ..., decided May 15, 1942. Therefore, if, perchance, the court may have been wrong in its assigned reasons for the dismissal, still the judgment should be affirmed, because the order was proper, and which principle of law is a thoroughly settled one in this jurisdiction by numerous opinions so declaring, without any to the contrary.

The next argument concerns the pleaded avoidance of the settlement relied on by defendant in its answer. We have already referred to the fact that no tender of the amount paid by defendant in effecting that settlement was made or offered to be made. Under numerous opinions of this court, some of which are: McGill v. Louisville & N. R. Co., 114 Ky. 358, 70 S. W. 1048; Kentucky Electric Development Company's Receiver v. Head, 252 Ky. 656, 68 S. W. (2d) 1; Hooks v. Cornett Lewis Coal Company, 260 Ky. 778, 86 S. W. (2d) 697; Hubbard's Adm'x v. Louisville & N. R. Co., 267 Ky. 435, 102 S. W. (2d) 343; and Farris Baker's Adm'x v. Louisville & N. R. Co., 287 Ky. 13, 152 S. W. (2d) 276, such action is required as a prerequisite to avoid the settlement. Plaintiff's counsel seem to admit the general doctrine as so declared in those cases, but he insists that under the opinion of this court in the Hooks case supra, it should not apply in the facts and circumstances of this one. In the Hooks case the settlement was made by an insurance company who had issued an accident policy to the plaintiff and the payment was not made by the defendant, his employer, in settlement of any liability against it for its alleged negli-

gence. We, of course, held that the defendant could not rely upon the settlement made by the insurer who issued the accident policy to plaintiff, and for which reason the doctrine of the cases supra had no application. However, even in that case the general rule, as applicable to a settlement made by defendant requiring plaintiff to return or offer to return the amount paid him in settlement of his claim, was in full force in this jurisdiction, but the facts in that case did not present a situation where that rule would apply.

Wherefore, for the reasons stated, the judgment is affirmed.