CASE 47—DURESS—OCTOBER 21, 1884.

# Buford v. Louisville and Nashville R. R. Co.

### APPEAL FROM JEFFERSON COMMON PLEAS COURT.

1. After issue formed, and evidence is heard tending to establish the matter in issue, the court should not grant a peremptory instruction against the plaintiff, although the judge should be of the opinion that, if the jury should find for defendant, he would sustain a motion for a new trial.

2. It is not necessary that there should be technical duress to avoid a contract.

3. If a person be in pecuniary distress, so that he would be disposed to make an undue sacrifice, and advantage is taken of his condition to obtain from him a contract, for an insufficient consideration, he will be relieved from the contract.

4. The Civil Code, which authorizes equitable defenses in common law actions, applies the rules of equity pertaining to such issues.

EMMETT FIELD AND J. T. ONEAL FOR APPELLANT.

1. Fraud may be shown and made available at law as well as in equity. (Tribble v. Oldham, 5 J. J. Mar., 141.)

2. The appellee has neither pleaded nor proved a ratification. (Kerr on Fraud and Mistake, 296; 300 Ib., 189; Story's Eq. Jur., section 239; 16 Md., 468; Dessaw's Eq., volume 4, 651; Wait's Actions and Defenses, article 5, 470; Pomeroy's Eq., volume 2, section 964.)

3. The pretended ratification was obtained by duress. (Lightfoot v. Wallis, 12 Bush, 498; Adams Express Co. v. Nock, 2 Duv., 564.)

4. The court below had no right to give to the jury a peremptory instruction. There was ample evidence for appellant upon the issue. (Thompson v. Thompson, 17 B. Mon., 29; Underwood v. Shakers, 11 Bush, 276; Civil Code, section 341.)

5. When a tender is pleaded it must be proved. (2 Mar., 148; 5 Mon., 373; 1 Mon., 195; 3 Bibb, 267; Parker v. Cole. 2 J. J. Mar.) The law will not permit an unconscionable advantage to be taken of another's pecuniary distress. (Adams Ex. Co. vs. Nock; 2 Duv., 564; Lightfoot vs. Wallis, 12 Bush, 498 )

HELM BRUCE, WM. LINDSAY AND H. W. BRUCE FOR APPELLEE·

1. The court was correct in giving to the jury a peremptory instruction for appellee. The evidence authorized it. (10 Wall, 604; 22 Ib. 116–120; 107 U. S., 162; Chiles v. Booth, 3 Dana, 506; 94 U. S., 284; 85 Penn. Stat., 82; 91 Ib., 200; 4 L. R. Exch. Cases, 33; 8 El. and Bl., 262; 13 C. B., 915; 3 C. B., U. S., 148; 101 U. S., 18.)

Buford v. Louisville and Nashville R. R. Co.

2. Whatever claim appellant had or could have against appellee for injuries complained of in the petition, he released it to appellee. (Kerr on Fraud and Mistake, 190, 296; Taylor v. Patrick, 1 Bibb, 169; 1 Burrill's Law Dic, 496; Bl. Comm., volume 1, page 131–137; 4 Dessasure's Eq , 651; S. C. Co., 16 Md., 456.)

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

This is an action by appellant against appellee, claiming damages for personal injury, alleged to have been caused by the gross negligence of appellee, while appellant was a passenger on one of its trains. Appellee denied negligence, alleged contributory negligence, pleaded a compromise, and a ratification of the compromise.

On the trial the court below, after the evidence on each side had been heard, instructed the jury to find for appellee. The only question we need consider is whether there was error in granting this instruction.

The rule in this State as to peremptory instructions, after issue formed and evidence heard, is that when there is evidence tending to establish a matter in issue, the court should not grant such an instruction, although the presiding judge should be of the opinion that if the jury should find adversely to the request for such instruction, he would be compelled to sustain a motion for a new trial. This is expressly adjuged in Thompson v. Thompson, 17 B. M., 22, has been followed ever since in numerous cases, and we are not disposed, after so long following it, to disturb it.

To apply this rule to the facts, which the evidence in this case tends to establish: The injury to appellant occurred, because of an insufficient number of brakes on the train, and from a defect in the road-bed at the point where the accident occurred. The day following

the injury, which ultimately resulted in the necessity of amputating a leg, appellant, while under the influence of opiates to such an extent that he was not conscious of what he was doing, signed a contract by which he agreed to release appellee of any liability, in consideration of the payment of appellant's board bill, medical attendance, one hundred dollars in money, and transportation to his home in Denver, Colorado. The hundred dollars agreed to be paid, was deposited with the agent of appellee at its nearest station, and when appellant had fully recovered his mental faculties, he applied to the agent for transportation to Louisville, Kentucky, which place was *en route* to his home, but the agent refused to give the transportation, unless appellant would receive the one hundred dollars under the contract. Appellant alleges and testifies that he was, by reason of the wrong of appellee, among strangers, moneyless and homeless, and, therefore, was compelled to accept the money, in order to get transportation. Appellant also testifies that he had never seen, nor did he understand the terms of the alleged agreement, at or before the time he received the one hundred dollars and the pass to Louisville.

We must assume then, for the purpose only of determining the correctness of the ruling of the lower court in granting the peremptory instruction to find for appellee, that appellant, by reason of the gross negligence of appellee, was injured and thereby compelled to accept the money, under a contract that he was fraudulently induced to enter into, and the terms of which he did not understand at the time he accepted the money and the transportation to Louisville.

The court below assumed that, conceding that the contract of compromise was obtained by fraud on the part of appellee, and the necessitous condition of appellant was the result of the gross negligence of appellee, the evidence showed a confirmation. The necessary ingredients of a confirmation of a contract obtained by fraud is thus stated by Kerr on Fraud, 296:

"In order that an act may have any effect or validity as a confirmation, it must clearly appear that the party confirming was fully apprised of his right to impeach the transaction, and acted freely, deliberately and advisedly, with the intention of confirming a transaction which he knew, or might, or ought, with reasonable or proper diligence, to have known to be impeachable. If his right to impeach the transaction be concealed from him, or a free disclosure be not made to him of every circumstance which is material for him to know, or if the act takes place under pressure or constraint, or by the exercise of undue influence, or under the delusive opinion that the original transaction is binding on him, or if it be merely a continuation of the original transaction, the confirmation operates as nothing."

There was evidence tending to show that appellant did not understand the terms of the contract of compromise at the time it was entered into; that he had never seen it, and was not fully and correctly informed of its contents at the time of the alleged act of confirmation. The decided preponderance of the evidence is to the effect that appellant did understand its terms, and that he freely, voluntarily and with the intention to

·confirm the original contract, accepted the pass and the money ; but it was not for the court to weigh the evidence upon these matters, as was done by giving the peremptory instruction.

It is insisted that nothing short of duress at common law will vitiate or annul a contract, and upon this idea the court below held that pecuniary distress was not duress. But it is not necessary that there should be technical duress to avoid a contract.

"Whenever one person is in the power of another, so that a free exercise of his judgment and will would be impossible, or even difficult ; and whenever a person is in pecuniary necessity and distress, so that he would be likely to make any undue sacrifice ; and advantage is taken of such condition to obtain from him a conveyance or contract which is unfair, made upon an inadequate consideration and the like, even though there be no actual duress or threats, equity may relieve defensively or affirmatively." (Pomeroy on Equity, section 948.)

This rule is the more appropriate when the pecuniary necessity is the natural result of the willfully wrongful act of the person relying upon and seeking an enforcement of the contract. This rule is intended to be applied only to the assumed facts of this case.

But it is said that is an equitable doctrine, not applicable in a common law action like this. Independent of other authority, we are of the opinion that the Civil Code, which authorizes equitable defenses in common law actions, necessarily carries with it the rules of equity applicable to the disposition of such issues.

For the reasons given, the judgment is reversed and cause remanded for further proceedings