CASE 43—ACTION BY ROBERT MCGILL AGAINST L. & N. R. R. COMPANY FOR PERSONAL INJURIES.—DEC. 17.

## McGill v. Louisville & Nashville R. R. Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

COMPROMISE—FRAUD—PLEADING—TENDER OF PAYMENT.

Held: 1. Where plaintiff sued for personal injuries, admitting that he had received payment for his drug bill and loss of time, and defendant pleaded payment in full under a compromise agreement set forth, a reply that this payment was the same as that admitted in the petition, and that the compromise agreement was signed by plaintiff at a time when he could not read, and under false representations that it was a receipt for payment only for drug bill and loss of time, was not demurrable for failing to tender repayment of the amount received, though plaintiff in such action can not ordinarily escape such agreement by merely pleading fraud.

CHARLES CARROLL AND CARROLL & CARROLL, FOR APPELLANT.

HELM, BRUCE & HELM, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

The appellant instituted this action against the appellee, seeking to recover judgment for injuries received by him while in the employ of the defendant, caused by the gross negligence, as he alleges, of the defendant. A description

of the injuries received and of the negligence of defendant is sufficiently stated. He prayed judgment for $10,000. In addition to other averments in the petition, we find the following: "Plaintiff says that for his loss of time between the date of his injury, to-wit, the 2d day of June, 1900, and the —— day of October, 1900, he was paid by said defendant the sum of $200, and defendant paid him the sum of $10 upon his drug bill; and he says for his loss of time between the 2d day of June, 1900, and the —— day of October, 1900, he claims in this action nothing from said defendant. He says for a period of about eighteen weeks, beginning about the —— day of October, and up to the —— day of March, 1901, he worked for said defendant as a switchman and coupler of cars, but after the 14th day of March, 1901, his condition was such, by reason of the injuries he had received as hereinbefore stated, that he was compelled to quit work for said defendant, and since that time, by reason of said injury, he has been wholly unable to work, and is permanently incapacitated from labor."

The answer may be taken as a complete traverse of any negligence upon the part of defendant, as well as the injuries of plaintiff. It also pleads contributory negligence. In the second paragraph of the answer it is stated, in substance, that defendant believes that plaintiff did receive some slight injuries while working for it on the 2d day of June, 1900, but that the same were received in consequence of the negligence of the plaintiff, and on the 14th day of October, 1900, the plaintiff made claim against the defendant for damages on account of said injuries, and thereupon, in order to compromise, settle, and adjust the matter, defendant paid to McGill the sum of $210.25 in full compromise and settlement of all claim and demands of every character whatsoever which he had against defendant, its

officers, agents, and employes, on account of the injuries re-received or sustained by him in person or property on or about June 2, 1900, and that plaintiff, for said sum, executed and delivered to it a full acquittance, discharge, and receipt on account of any loss or damage or injury he may have sustained to person or property on account of said injuries, and that the injuries for which it paid him the sum of $210.25 are the same as, and none other than, the injuries set forth in his petition; and it files herewith, marked "Exhibit Voucher 7," a copy of the agreement and settlement and receipt, signed by the plaintiff, acknowledging full satisfaction thereof on account of his alleged injuries, the original of which will, if demanded, be produced on the trial of this case; and defendant pleads the same as a complete bar to plaintiff's action herein. The material part of the receipt reads as follows: "1900, October 14. Received of the Louisville & Nashville Railroad Company two hundred and ten dollars and twenty-five cents ($210.25) in full compromise, settlement, and adjustment of all claims and demands of every character whatsoever which I have against said company, its officers, agents, and employes, on account of injuries to my person and damage to and loss of property sustained by me on or about June 2d, 1900, while employed by said company in Louisville, Ky., and on account of any other injuries sustained by or damage to me at any other time and place on every other account whatsoever. Witness my hand at Louisville this October 15th, 1900. It is understood and agreed that the consideration herein expressed is the sole and the only consideration of this settlement."

The reply of plaintiff denies contributory negligence, and in response to the answer, so far as the receipt aforesaid is pleaded, the reply reads as follows:

"Plaintiff denies that on the 14th day of October, 1900, he made claim against defendant for damages on account of said injuries, or that thereupon or at any time, in order to compromise, settle, or adjust the matter, defendant paid to him the sum of two hundred and ten dollars and twenty-five cents ($210.25), or any sum, in full or any compromise of all or any claims or demands of any character whatsoever, except as in the petition stated, he had against defendant, its officers, agents, or employes, on account of the injuries received by him in person or property on or about June 2, 1900, while in the employ of defendant; and plaintiff denies that for the sum of two hundred and ten dollars and twenty-five cents ($210.25), or any sum paid by defendant to him, he then or there, or at any time, executed or delivered, or intended to execute or deliver, to defendant, a full acquittance, discharge, or receipt on account of any loss or damage of injury he may have sustained to person or property on account of the injuries received by him on June 2, 1900, while in defendant's employ, except as in petition and as hereinafter stated; and he denies that the $210.25 or any part thereof, paid him by defendant, was paid for the injuries set forth and alleged in petition, or for any part of them. Plaintiff denies the right of defendant to plead the alleged receipt, a copy of which is filed with the answer, as a complee bar to his action.

"Par. 2. Plaintiff, for further reply, says that on or about October 14, 1900, he did receive from defendant the sum of $210.25; but this sum was paid by defendant and received by him in payment of his loss of time up to that date occasioned by said injury, and for part of his drug bill contracted in treating said injury, as in petition stated. Plaintiff says in his petition he stated amount as $210, but supposes that is a mistake, and now says the amount was

$210.25. Plaintiff says he received said sum only in payment of his loss of time and drug bill as aforesaid, and it was represented to him by the defendant that said sum was paid for that purpose, and plaintiff did not, in consideration of said $210.25, or any part of it, agree to release defendant of liability for any personal injury received by him, or for loss of time, except as hereinbefore and in petition stated. Plaintiff says at or about the time mentioned in answer he did sign and deliver to defendant a receipt. He says at said time he was unable to read said receipt, and it was read to him, and represented to him by defendant to be a receipt acknowledging payment of $200.25 in payment of his loss of time up to that date, and for $10 of his drug bill, and, so believing, he signed it; and he did not then or at any time intend to sign any paper acknowledging payment in full of his claim against defendant growing out of said injury, or releasing it from all liability by reason of same, and he did not know of the existence of said paper until it was referred to in answer, and he says that if he signed said paper, or one of similar character, his signature was obtained to it in ignorance of its contents, and under the belief that he was signing a paper acknowledging a payment for his loss of time and drug bill, as heretofore stated, and said signature was obtained by the false and fraudulent representations of defendant that said paper was an acknowledgment of the receipt of $210.25 as payment for his loss of time up to the date of signing, and for part of his drug bill, and for no other purpose, and said paper should not be considered for any other purpose. Wherefore plaintiff prays as in his petition."

The court sustained a demurrer to the reply of plaintiff, and, plaintiff failing to plead further, the petition was dismissed. Hence this appeal.

It is earnestly contended for appellee that the cases of
Railroad Co. v. McElroy, 100 Ky., 153, 18 R., 730, 37 S. W.,
844, and Society v. Muehl, 22 Ky. Law Rep., 1378, 59 S.
W., 520, conclusively settle that the judgment of the cir-
cuit court must be affirmed; while the reverse is the conten-
tion of appellant, and it is his contention that the opin-
ion of the supreme court in the case of Railroad Co. v.
Harris, 158 U. S., 331, 15 Sup. Ct., 843, 39 L. Ed., 1003,
and some Massachusetts supreme court decisions, sustain
the contention of appellant.    The Kentucky cases relied
on determine or adjudge that a party who has signed an
agreement in a compromise for personal injury can not dis-
regard that settlement and sue on the original cause of ac-
tion, and, when the settlement is pleaded, simply attempt
to escape its binding effect by pleading fraud or misrep-
resentation in the procurement of the settlement or execu-
tion of the paper. In order to escape the effect of the execut-
ed agreement, and to be allowed to prosecute his original
cause of action, he must restore the money or proverty re-
ceived from the defendant, or make a tender thereof. This is
the doctrine clearly announced in the cases, supra, and we
rigidly adhere to that doctrine, without regard to the deci-
sions of other courts; and it may be conceded that they are
not all in accord with the decisions of this court. But the
question here presented is whether the case at bar comes
within the rule of the McElroy Case or the Muehl Case.
Both in the McElroy Case and in the one referred to in
22 Ky. Law Rep. it was admitted by the plaintiffs in their
reply that they had agreed to accept a certain sum of money
in settlement of their entire claim.    In other words, the
injury claimed by McElroy was by him settled and receipted
for, and in the other case it was admitted that the plain-
tiff had accepted a named sum of money in settlement of

her insurance policy; but each of them sought to avoid the effect of the settlement and receipt upon the ground that the same was obtained by fraud, falsehood, or from them while not in a condition to know and understand their right. This court held that they could not be allowed to do so; that, in order to be allowed to prosecute their original cause of action, they must restore to the opposite parties the money they had received, or tender to them the same. This is a just rule. If the original cause of action is to be litigated, the parties must be placed in the position they were before the alleged fraudulent transaction occurred. The case at bar presents a different state of facts from the two cases above referred to. It is true that the paper filed by the defendant purports to be a compromise and full settlement of all claims growing out of the injury to plaintiff mentioned in the petition, as well as other claims he might have against the defendant or any of its agents, servants, etc. His reply admits signing the document, but it also alleges the fact to be that it was only read to him, and that such was the agreement that it only paid him for the loss of time which he suffered as the result of the injury complained of, and the payment of part of the drug bill expended. He also avers he could not read the document, and that he signed it under those circumstances of only settling so much. He can not recover in this case for loss of time between the date of injury and the signing of the receipt,—for the loss of time or drugs bought,—without complying with the principles announced in the two cases heretofore referred to, namely, by restoring the money. But he is not seeking to recover anything for the loss of time, nor for his drug bill. The averments of the reply must, upon demurrer, be taken as true; hence it must be taken as true that he could not

McGill v. Louisville & N. R. R. Co.

read the receipt, and that the transaction was as he stated it in his reply; and it can hardly be denied that, if his statement is true, the settlement did not necessarily include the mental and physical suffering he had undergone as the result of the injuries complained of, nor would it necessarily and absolutely, if his statements were true, preclude a recovery for a permanent impairment of his ability to labor.    If A. held a demand against B. for the price of a house and lot, and also for rent of same antedating the purchase, and if A., in collecting the rent, was induced by false representations of B. to sign a receipt, which also included the purchase price of the house and lot, would it be said that A. must restore the rent money before he could be allowed to prosecute his claim for the purchase money? We think not.

Upon the return of this case, the jury should be told, if it comes to a jury trial, that, if they believe from the evidence that the $210.25 was paid in settlement of all of plaintiff's demands against the defendant, that they must find for the defendant in this action, although they might believe that the receipt was obtained by misrepresentation or fraud.

Judgment reversed, with directions to overrule the demurrer to the reply, and cause remanded for proceedings consistent with this opinion.    Whole court sitting.

Judges Burnam, DuRelle and O'Rear dissenting.