## Howell v. Louisville & N. R. Co.

(Decided Dec. 8, 1933.)

JOHN L. WILLIAMS for appellant.

ASHBY M. WARREN, LOW & BRYANT, J. C. BAKER and CLEON K. CALVERT for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant brought this suit against the appellee for personal injuries sustained by him when he was run over by an engine of the appellee while he was crossing a trestle of the appellee within the corporate limits of the town of Wallins. At the close of all the evidence, the court peremptorily instructed the jury to find for the appellee, and, from the judgment on the verdict thus found, this appeal is prosecuted.

The defense of the appellee was three-fold: First, a plea of compromise and settlement; second, a traverse of the alleged grounds of negligence on the part of the appellee and its agents set up in the petition; and, third, a plea of contributory negligence. Appellant insists that his motion to require the appellee to elect which of these three defenses it would rely upon should have been sustained, because, as he argues, the defenses are inconsistent in their nature. There is no merit in this contention. See Jones' Adm'r v. L. & N. R. Co., 82 Ky. 610; Buford v. L. & N. R. Co., 82 Ky. 286. The plea of settlement does not confess negligence, but simply avers that the parties had compromised a contested question of negligence. It is not inconsistent with the stand taken by appellee that as a matter of fact it was not negligent at all.

To the plea of settlement, appellant replied that,

although it was true the appellee had paid him the sum of $460, it was not paid in full settlement of the differences between them or of appellant's claim for the injuries he had sustained, but was only paid for the time he had lost and for the hospital bills he had incurred by reason of the accident. Appellant made no tender back of the amount paid him by the appellee, as indeed he did not have to, if his reply as to the compromise was true in fact. McGill v. L. & N. R. Co., 114 Ky. 358, 70 S. W. 1048, 24 Ky. Law Rep. 1244; Bramble v. Cincinnati, F. & S. E. R. Co., 132 Ky. 547, 116 S. W. 742. The trial court based its action in giving the peremptory instruction it did, not only on a failure of proof on the part of appellant to show any negligence on the part of the appellee, resulting in his injury, but also on the conclusiveness of the settlement under the evidence in the case. We need not discuss whether the court acted correctly in holding that no evidence of negligence had been brought forward by the appellant, since we are of the opinion that the court was fully warranted in giving the peremptory instruction he did based on the conclusiveness of the settlement.

The evidence for the appellee shows that the appellant fully understood that he was settling his claim in full, and that in fact he did so. It produced the release which was signed by him and which purports to be a settlement in full. It produced the check for $460, the consideration of the release which appellant indorsed by making his mark. It produced numerous witnesses who testified that, after appellant got out of the hospital, he told them that he had settled his case in full and was thoroughly satisfied with the way in which the appellee had treated him. As opposed to all this, the appellant testified on direct examination that during the negotiations looking to a settlement he was informed that he would be paid for the time he had lost and his hospital bills, and that the railroad would take care of him by giving him some sort of a job, watching its water tanks or other property. However, appellant testified that he had no recollection whatever of actually making the settlement or of ever signing the release which bears his signature, as he concedes, or of indorsing the check, although he admits getting $250 in cash, the balance of the $460 after his hospital bills were paid. He attributes his inability to remember all these

things to the pain and suffering he was undergoing and to perhaps an administration of morphine to ease that pain. (The hospital records show without contradiction that some seven or eight days had elapsed between the last administration of morphine and the signing of the settlement.) It is plain that the appellant, if his evidence be taken at its full worth, has no recollection whatever of what took place when the compromise was finally effected, and, therefore, he is unable to say what was the basis of that settlement. There was an utter failure of proof to sustain the allegation he made in his reply with reference to this settlement being solely for time lost and hospital bills incurred. At the best, his evidence discloses only a lack of mental capacity to enter into the compromise he made. This, however, he did not plead. Indeed, had he done so, he could not, without a tender back of the money he admits he received, have maintained this action. In the case of Louisville & N. R. Co. v. McElroy, 100 Ky. 153, 37 S. W. 844, 845, 18 Ky. Law Rep. 730, we said:

"This action was brought by McElroy for injuries which he received on the 10th day of May, 1893, while a section hand in the employ of appellant. * * * On the 12th day of May, 1893, the appellant made a compromise and settlement of the claim, which is the basis of this action. * * * The appellant pleaded the compromise and settlement of the appellee's claim for damages. * * * The appellee seeks to avoid the compromise and settlement. He alleges that shortly after receiving the injuries set out in his petition, and before he had recovered from the shock resulting from the injuries and amputation of his leg, and while he was in great agony, both of mind and body, when his system was filled with opiates to such an extent that he was not conscious of what he was doing, and not able mentally to fully understand the purport of the contract, after repeated importunities by appellant's agents, he signed the contract copied above; that he did not understand its contents; that appellant's agents represented to him that the company was not liable to him for the injuries he had sustained; that he would not get anything unless he signed the contract. In short, it is alleged that the company took advantage of his physical and mental condi-

666

tion, and by fraud and false representations procured the paper to be signed by him, and induced him to accept the $700; that the contract was signed by him under a mistake of law and of fact as to his legal rights, and the money was so received by him. * * * The money which he received was placed in bank to his credit by the man who was waiting on him. There is no claim that he was not in his usual mental condition when he afterwards drew the money and spent it. There is not the slightest evidence tending to prove that the money was paid for anything except in compromise of claim for personal injuries. By this action the plaintiff seeks a disaffirmance of the contract of compromise, and at the same time fails to repay or tender the money he received to effect a restoration of the status quo. * * * The general rule is that, when one has received money or property under a contract that is voidable for fraud or other reason, he must repay the money or tender the property before he is entitled to have the contract rescinded. There are exceptions to this rule. There are cases where a court of equity would rescind a contract without a repayment or tender by the injured party; for instance, a case which involved the sale of property, wherein the court had control over the property and the distribution of its proceeds. In such cases the court can determine what are the rights and equities of the parties, and adjust them. This is not a case where the court has any control over the money which the company paid the plaintiff, nor of any property belonging to the plaintiff out of which the court could enforce a repayment of it. Either the company paid the money to avoid the risk of great damages being awarded against it in the event of litigation, or it paid the money in the belief that the expense of the litigation, though it defeated a recovery, would amount to as much or more than the sum paid. It sought to buy its immunity from damages and expense of having the question of its liability determined. It is not reasonable to suppose that the company would have paid the money if the right of the plaintiff still existed to maintain his action upon the original cause of action. There is no pretense that the company paid its money as a credit on its supposed liability.

It paid it to extinguish its liability, if such existed. If, upon the trial of the case, the verdict had been for the company, because the injury was not the result of the gross negligence of the foreman or the party operating the engine, then the plaintiff would have the money and the company the expense of the litigation which it sought to avoid, and the court powerless to enforce a return of the money. This statement illustrates the correctness of the well-recognized rule which requires a repayment or a tender of the money before bringing the action. We think the reasoning of the learned judge who delivered the opinion in Vandervelden v. Railway Co. [C. C.] 61 F. 54, is unanswerable, and it sustains the conclusion we have reached. We also cite the case of Railway Co. v. Hayes, 83 Ga. 558, 10 S. E. 350.''

It follows, therefore, as the proof failed to support appellant's claim that this settlement was only for time lost and hospital bills incurred, and although appellant's proof may have tended to support a claim of lack of mental capacity to make the settlement, yet there was no tender back of the consideration received by him, the trial court did not err in peremptorily instructing the jury to find for the appellee on the ground of the conclusiveness of the settlement.

The judgment is affirmed.