## Reneman v. Clover Splint Coal Co.

Dec. 15, 1939.

J. L. Williams for appellant.

John B. Carter and James S. Forester for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

Dan Reneman, plaintiff below, is appealing from a judgment in favor of the Clover Splint Coal Company, a corporation, defendant below, in an action in which he sought to recover damages for personal injuries sustained while at work for appellee at its mine, alleging that his injuries resulted from negligence on the part of appellee.

Grounds relied on by appellant for reversal are that the court erred in giving instructions 4 and 5. Counsel for appellee contend that the court should have peremptorily instructed the jury to find for appellee and devote some of their brief to argument that the instructions complained of by appellant were not improper or prejudicially erroneous.

In addition to a traverse of the allegations of the petition appellee in a second paragraph pleaded contributory negligence and in a third paragraph alleged that after appellant had completely recovered from an injury sustained in appellee's mine the parties entered into a full and complete settlement when appellee paid to appellant and appellant accepted $340 for full and complete settlement and payment for all injuries and damages and for all causes of action that appellant might have against appellee; that the contract evidencing the settlement was reduced to writing which was read and signed by appellant. The contract is fully set out in the answer.

By reply appellant traversed the affirmative allegations of the answer but alleged that the writing set up in plaintiff's answer was procured through fraud; that appellee did pay him a certain sum of money at the time alleged in his answer but alleged in effect that there was a mutual agreement and understanding between the parties that the sum paid him was for loss of time and to cover a part of his medical bills and expenses and that his signature was obtained thereto by false and fraudulent representations of appellee; that the writing was an acknowledgment of the receipt of money for his loss of time to the date thereof and for physician's bills and for no other purpose; that the paper was not read to him and that he did not intend to sign any paper accepting payment in full of his claims against appellee or to release it from liability but that he relied upon statements and representations of appelle to be true and made in good faith.

There is ample evidence to establish that appellant sustained severe and painful injuries and to support the allegations of his petition with respect to negligence.

Instruction No. 4 is in substance the same as an instruction which this court in McGill v. Louisville & Nashville Railroad Company, 114 Ky. 358, 70 S. W. 1048, 24 Ky. Law Rep. 1244, said should be given in the event another trial was had in that case. The other instructions given in that case do not appear in the opinion. While we entertain some doubt concerning the propriety of the instruction directed to be given in the McGill case, it is unnecessary to pass upon that matter. It is sufficient to say that instruction No. 4 which apparently was patterned after it made the instructions given in this case confusing and contradictory and rendered the instructions on the whole improper.

Instruction No. 5 given by the court reads:

"The court further instructs the jury that it was the duty of the plaintiff, Dan Reneman, when the written release was presented to him to read it and to seek to understand what it meant, and if you believe that the said release was presented to him and that he failed to read it and that he signed it failing to read it, then the law is for the defendant and you should find for the defendant, Clover Splint Coal Company."

Appellee testified in substance that he had little

60

schooling and his education was very limited. He could write his name and could read short simple words, but that he could not read or understand longer words sufficiently to understand a writing and his evidence as to the circumstances under which he signed the writing relied on by appellee tends to fully sustain the allegations of his reply in that particular.

Counsel for appellee have little to say concerning instruction No. 5 and cite no direct authority on that phase of the case. Appellant admitted that he did not read the writing, therefore instruction No. 5 amounted to a peremptory instruction to find for appellee. We unhesitatingly hold that this instruction was improper, erroneous, and highly prejudicial and no cases have been cited or found that would indicate its propriety. On the other hand this court in a number of cases has set out or indicated the character of instructions that under the pleading and proven circumstances should have been given, typical of which are Lax-Fos Company v. Rowlett, 144 Ky. 690, 139 S. W. 836; Ross v. Oliver Brothers & Honeycutt, 152 Ky. 437, 153 S. W. 756. Those cases will serve as a proper guide in drafting the instructions in the event of another trial.

It is further contended by counsel for appellee that a return or tender of return by appellant of money he received under the pleaded agreement and contract was a condition precedent to his right of action or recovery. It is a doctrine of universal application that one receiving money in settlement or discharge of liability for unliquidated damages in cases of this character must return or tender return of the money before he can avoid a contract of settlement on the ground of fraud. Louisville & Nashville Railroad Company v. McElroy, 100 Ky. 153, 37 S. W. 844, 18 Ky. Law Rep. 730; Kentucky Central Life & Accident Insurance Company v. Burrs, 256 Ky. 64, 75 S. W. (2d) 744; Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. (2d) 423. However, there is a well recognized exception to that general rule. See McGill v. Louisville & Nashville Railroad Company, 114 Ky. 358, 70 S. W. 1048, 24 Ky. Law Rep. 1244, which is cited with approval in the recent case of Toppass v. Perkins' Adm'x, supra; Continental Tobacco Company v. Knoop, 71 S. W. 3, 24 Ky. Law Rep. 1268; Illinois Central Railroad Company v. Belt, 93 S. W. 601, 29 Ky. Law Rep. 421; Illinois Central Railroad Company v. Edmonds, 111 S. W. 331, 33 Ky. Law Rep. 933; Hooks v.

Cornett Lewis Coal Co., 260 Ky. 778, 86 S. W. (2d) 697; Bramble v. Cincinnati, F. & S. E. R. Company, 132 Ky. 547, 116 S. W. 742, 744. In the latter case the opinion, after reference to the general rule and cases wherein it was announced and applied, and to McGill v. Louisville & Nashville Railroad Company, supra, and some of the other cases cited, says:

"It will thus be seen that it is only when the receipt is assailed upon the sole ground of fraud and misrepresentation it is necessary that the money received under the settlement should be tendered."

That and the other cases dealing with the exceptions to the general rule hold in effect that in cases of this character and where the compromise and settlement alleged as a defense purports to be in full of all damages sustained, the person receiving the money asserts by appropriate pleading which is supported by proof that it was received by him for loss of time, medical bills or medicine and not in settlement of his claim for personal injury and that it was obtained by fraud or misrepresentation, return or tender of return of the money is not necessary. It is therefore apparent that the court did not err in overruling appellee's motion for a peremptory instruction.

For the reasons indicated the judgment is reversed for a new trial and proceedings in conformity with this opinion.