## Smallwood v. Kentucky & West Virginia Power Co.

April 18, 1944.

Jesse Morgan, S. E. Duff, and Paul Gross for appellant.

Craft & Stanfill for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, James T. Smallwood, was injured in an explosion which occurred on January 25, 1940, in a building in Hazard, Kentucky, owned by appellee, Kentucky & West Virginia Power Company. The facts relative to the explosion are stated in the opinion in the case of Kentucky & West Virginia Power Company v. Stacy, 291 Ky. 325, 164 S. W. (2d) 537.

On September 5, 1940, Smallwood brought this action against the Kentucky & West Virginia Power Company to recover damages, which included $300 for medical and hospital services. The first paragraph of the answer was a traverse. The second paragraph was a plea of compromise and settlement, and a written release dated March 27, 1940, was filed with and made a part of the answer. This instrument recited that $1,000 had been paid to James T. Smallwood by the Kentucky & West Virginia Power Company in full settlement of all claims arising out of the accident of January 25, 1940, and was signed by Smallwood. Edward L. Roberts, a banker of Berea, Kentucky, and Alva Smallwood, a brother of the plaintiff, signed the release as witnesses. In his reply the plaintiff denied that he received $1,000 or any sum from the defendant in settlement of his claim and denied that he executed or delivered to the defendant the writing set forth in the answer. In paragraph 2 of his reply the plaintiff alleged that by reason of physical and mental suffering caused by his injuries he was mentally incompetent to make a settlement or enter into a contract on March 27, 1940, and that he had no recollection of making the settlement or signing the release. He further alleged that if he did sign the release set forth in the defendant's answer his signature was obtained by misrepresentation and fraud. He did not allege that he had tendered to the defendant ·the money received by him. A demurrer to the reply was overruled, and. a rejoinder was filed. A large amount of proof was heard, and, at the conclusion of all the evidence, the court directed a verdict for the defendant and dismissed plaintiff's petition. The court based its ruling on the ground that the plaintiff had received $1,000 in compromise of the claim and had failed to tender to the defendant the money received under the settlement.

The rule in this jurisdiction is that one who has received money in compromise and settlement of a claim

must return or tender the return of the sum received in order to maintain an action on the claim. It is timely to do so when the reply in response to the defendant's plea of a settlement in bar is filed. Baker's Adm'x v. Louisville & N. R. Company, 287 Ky. 13, 152 S. W. (2d) 276; Poteete v. Moore, 277 Ky. 233, 126 S. W. (2d) 161; Toppass v. Perkins' Adm'r, 268 Ky. 186, 104 S. W. (2d) 423; Callahan v. Fluhr, 267 Ky. 637, 103 S. W. (2d) 109; Howell v. Louisville & N. R. Company, 251 Ky. 662, 65 S. W. (2d) 748; Louisville & N. R. Company v. McElroy, 100 Ky. 153, 37 S. W. 844. Appellant insists that his case falls within an exception to the general rule, and he relies chiefly on Hooks v. Cornett Lewis Coal Company, 260 Ky. 778, 86 S. W. (2d) 697, and McGill v. Louisville & N. R. Company, 114 Ky. 358, 70 S. W. 1048. In the Hooks case the defendant pleaded settlement with the plaintiff and a release of its liability. The plaintiff in his reply alleged that the settlement embraced only a claim for insurance and not the item of damages for personal injuries though the written release recited that the defendant was released from liability for all injuries and damages. There was evidence tending to establish that the settlement relied upon as a bar to the plaintiff's action embraced only the item of insurance, and that the parties who induced him to sign the release represented that it covered only that item. The court said [260 Ky. 778, 86 S. W. (2d) 699]:

"If it was represented to him by those who induced him to sign the release that the sums paid him as evidenced by it were being paid in settlement of the insurance and not for the damages sustained by his injury, it was not necessary that he return the money so received, before bringing a suit for the latter."

In the McGill case the plaintiff alleged in his reply that the settlement pleaded by the defendant embraced only lost time and part of the drug bill and not damages for his injuries. Other similar cases are Reneman v. Clover Splint Coal Company, 281 Ky. 57, 134 S. W. (2d) 987; Bramble v. Cincinnati, F. & S. E. R. Company, 132 Ky. 547, 116 S. W. 742; Illinois C. R. Company v. Vaughn, 111 S. W. 707, 33 Ky. Law Rep. 906.

Appellant failed to bring his case within any exception to the general rule either by pleading or proof. He did allege in his reply that after July 1, 1940, he was informed by his wife and brother that the attorney for

the appellee came to his place of abode on two or more occasions and stated to Mrs. Smallwood that he wanted to help them by giving her money to pay the expenses of keeping the plaintiff until it could be determined whether or not he would recover, and that the attorney gave to Mrs. Smallwood approximately $700. The proof utterly failed to sustain the allegation. It established conclusively that the settlement was made in good faith, in full for any liability of the defendant, after repeated requests for a settlement had been made by plaintiff. The attorney for the insurance carrier of the defendant visited the appellant on March 27, 1940, after he had received three letters signed by appellant requesting that a settlement be made. He found appellant at his father's home in Jackson county. A lawyer from Richmond, Kentucky, who appeared to be representing appellant was present. The sum of $1,000 in settlement of the claim was agreed upon, and the attorney, accompanied by appellant's attorney, drove to Berea, Kentucky, a distance of nine miles, and returned with Edward L. Roberts a director of the Berea bank. The release was prepared and signed, and a draft for $759.05 was delivered to appellant who indorsed it and delivered it to Mr. Roberts for deposit in the Berea bank. Appellee paid hospital, medical, and other bills amounting to $240.95, making $1,000 in all paid to or for appellant. Appellant wanted some cash, and Mr. Roberts filled out a check for $15 which appellant signed and Mr. Roberts gave him the money. The draft was deposited in the Berea bank to appellant's credit on March 28, 1940, and on the following day he, accompanied by his wife and brother, went to Berea, purchased an automobile, issued his check therefor, and drove to Richmond, Kentucky, where the automobile was registered in the name of his wife. A few days later he purchased a tract of land from C. J. Abney for which he issued his check for $550. The land was conveyed to Mrs. Smallwood, and shortly thereafter a part of it was conveyed to Lute Carrier for a used school bus and $75 cash. Later the remainder of the land was sold to appellant's brother. Appellant paid several small bills with checks on his account at the Berea bank, and his account at the bank was closed on April 5, 1940. The school bus which was acquired in trade for part of the Abney land was converted into living quarters for appellant and his wife, and later was sold for a small amount. As soon as he had squandered

the money received under the settlement he brought this action.

The evidence establishes conclusively that he signed the release, received the money and used it for himself and family. His testimony that he had no recollection of any of these transactions, when considered in the light of all the other evidence in the case, is little short of fantastic, but, even if it be conceded that it tended in some degree to support a claim of lack of mental capacity to make the settlement, it was necessary for him to tender back the consideration received by him before he could maintain the action. Howell v. Louisville & N. R. Company, 251 Ky. 662, 65 S. W. (2d) 748, and other cases heretofore cited.

The judgment is affirmed.