## Saylor v. Clover Splint Coal Co. et al.

May 2, 1944.

G. G. Rawlings for appellant.

J. B. Carter for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Willard (Garland) Saylor is appealing from a judgment on a directed verdict in favor of J. D. Fowler and the Clover Splint Coal Company. Saylor was employed by Fowler, who had a contract to do certain outside work for the Coal Company. He was injured while a mine opening was being excavated. Fowler took care of Saylor's hospital bills and paid him $15 every two weeks for a period of approximately six months, which payments, according to receipts signed by Saylor, constituted 60 per cent of his regular wages. Saylor signed six receipts similar to the one appearing below:

"Partial Settlement of Personal Injury

"I, Garland Saylor, hereby acknowledge payment to me in hand this day by J. D. Fowler of Closplint, Kentucky, of the sum of Fifteen and no/100 Dollars ($15.00), this amount being sixty percent (60%) of my regular wages, for two weeks period of disability account of injuries sustained by me on July 30, 1941.

"This payment is for 7th 2-weeks ending 10-30-41.

"Witness my hand and seal this the 14 day of November, 1941.

"Garland Saylor

"Witness:
"D. Siddens
"Reginald H. Hall"

The last writing signed by him follows:

"Full Settlement for Personal Injury

"I, Garland Saylor, hereby acknowledge payment to me in hand this day by J. D. Fowler of Closplint, Ky. of the sum of One Hundred Ninety Nine & no/100 Dollars ($199.00) and in consideration of the said payment

I do hereby release and forever discharge the said J. D. Fowler from all my claims and causes of action I now have or hereafter may have on account of injuries sustained by me on or about July 30, 1941.

"I understand and agree that the said payment is the sole consideration for this release and is in full settlement of all my claims and causes of action, and there are no agreements or promises not expressed herein.

"Witness my hand and seal this 19th day of Jan. 1942 at Closplint, Ky.

"Garland Saylor (Seal)

"Witness
"D. Siddens
"Reginald Hall

"The foregoing was read by Garland Saylor who stated to the undersigned that he understood it, and knew he was signing away his right to all claims for damages therein referred to: that he was satisfied with the settlement and that he signed it of his own free will.

"D. Siddens
"Reginald Hall."

After working for Fowler for about six months following his injury, Saylor went to work for the Cornett Lewis Coal Company. He instituted this action to recover damages from both the Coal Company and Fowler for the injuries he received. The Coal Company defended on the ground that Fowler was an independent contractor, and he in turn relied upon the aforementioned settlement. Saylor sought to avoid the writings on the ground he had been told by Fowler that the amounts paid him represented insurance payments and not compensation for his injuries. He so testified, and his father's testimony supported him in this. On the other hand, Fowler, who was not operating under the Workmen's Compensation Act, KRS 342.001 et seq., nor for that matter was the Coal Company, testified he carried no insurance, and that at no time did he mention insurance to Saylor. It was brought out in the evidence that Saylor had finished the sixth grade in school. He admitted signing the writings, but said he could not read well enough to understand their meaning. In answer to this, the appellees offered proof showing that all the writings were read to Saylor, and he said he understood them. When asked why he filed his suit, Saylor said:

"A. Well, how come me to bring this suit, Mr. Fowler kept cursing me about my work—didn't satisfy him; I loaded six cars of slate and it didn't satisfy him; he let the boys unload three, go home, and I would have to unload six, and then didn't get to go home.

"Q. 2. Is that the reason you brought this suit?

"A. Yes, and because after I put my suit in—I told Mr. Fowler if he would get me a job off Mr. Matthews loading coal—and he never did do it; another thing, I wasn't able to work no way."

We deem it unnecessary to consider the questions as to whether Fowler was an independent contractor, or whether Saylor was injured while engaged in a mining operation, because we believe the latter is bound by the final settlement which he signed. This writing shows conclusively that for the sum of $199 Saylor made a full release of any claim for damages resulting from his injury. When one seeks to avoid a release such as the one under consideration for fraud or the like, there rests upon him the burden of bringing forward clear, unequivocal and convincing evidence. A bare preponderance of the evidence is not sufficient. Drane v. Louisville R. Co., 279 Ky. 490, 131 S. W. 2d 439. In the instant case the preponderance of the evidence is in favor of the appellees. The only evidence upon which Saylor sought to avoid the release was that he had been told the payments made to him by Fowler were for insurance, That was wholly insufficient to overcome the evidence produced by the appellees, to say nothing of the attendant circumstances and the conduct of the parties. Saylor's evidence constituted no more than a scintilla. Therefore, the trial court properly directed a verdict in favor of the appellees.

Judgment affirmed.