Horace McGREGOR, Appellant,

v.

Dorothy MILLS, Appellee.

Court of Appeals of Kentucky.

May 27, 1955.

Henry L. Bryant, Pineville, for appellant.

Helton & Helton, Pineville, for appellee.

## CAMMACK, Judge.

The appellee, Dorothy Mills, was awarded $3,500 for personal injuries alleged to have been suffered by her in a collision between an ambulance in which she was riding and an automobile driven by the appellant, Horace McGregor. McGregor urges reversal of the judgment on the grounds that (1) Mrs. Mills signed an agreement settling her claim in full; (2) a valid tender of return of the amount received in settlement by Mrs. Mills was not made; (3) the court gave erroneous instructions; and (4) incompetent evidence was admitted.

At the time of the accident, November 20, 1952, Mrs. Mills was riding in an ambulance en route from Knoxville, Tennessee, where she had undergone an operation, to her home in Harlan County, Kentucky. Two days after the accident, Luther A. Cherry, an adjuster for McGregor's insurance carrier, came to Mrs. Mills' home and obtained a release from her; which, purportedly, settled her claim in full for $25. She received a check for that amount on December 1, 1952.

The testimony is conflicting as to the conversation the adjuster and Mrs. Mills engaged in at the time the settlement was made. Mrs. Mills testified that at the time Cherry came to her home she was experiencing considerable pain in her abdomen near the incision; he stayed at her home about 10 or 15 minutes and did not introduce himself or tell her who he was; he told her that he had authority to give as many as six persons $25 each for their discomfort; he asked if she was hurt and she told him she didn't know; he did not read, or offer to read, the release to her and she did not read it; and she was not informed that it was a full release of all claims she might have against McGregor. Mrs. Mills said the pain continued and she went to a doctor, who treated her at home for a few days, and on December 2nd she was admitted to a hospital. She was confined to the hospital 13 days and incurred some $500 in doctor and hospital bills. She was operated on a second time and a mass of blood was removed from her stomach and abdomen. Cherry testified that he asked Mrs. Mills if she thought she was injured seriously, and she said she didn't think so; he told her he had to have a release, and would give her $25 as a full and final settlement; and he handed her the release and she read and signed it in the presence of a witness.

■ McGregor's liability is not denied. It is contended, however, that the release is a bar to this proceeding. On the other hand, the appellee argues that the release was obtained by fraud and deception. Where one seeks to avoid a settlement on those grounds he has the burden of producing clear, unequivocal and convincing evidence, and a mere preponderance of the evidence is not sufficient. High Splint Coal Co. v. Cox, 299 Ky. 532, 186 S.W.2d 1; Saylor v. Clover Splint Coal Co., 297 Ky. 604, 180 S.W.2d 563. However, where liability is admitted, as in this case, and the amount paid in settlement is palpably inadequate, slight evidence of fraud in the obtention of the release will overcome the settlement. Such "day after the accident" settlements are not looked upon with favor by the courts. Louisville & N. R. Co. v. Turner, 290 Ky. 602, 162 S.W.2d 219; Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S.W.2d 423. We think there was sufficient evidence to warrant the setting aside of the release.

■ Before one can maintain an action to avoid a settlement and recover a

larger amount he must return or tender a return of the sum received by him in the settlement. It is timely to do so when the reply in response to the defendant's plea of a settlement in bar is filed. Smallwood v. Kentucky & West Virginia Power Co., 297 Ky. 202, 179 S.W.2d 877; Landrum v. Louisville & N. R. Co., 290 Ky. 724, 162 S.W.2d 543. In this case McGregor relied upon the settlement in his answer to Mrs. Mills' petition. A tender of the money received was made by certified check at the time Mrs. Mills' reply was filed. This, we believe, was a sufficient tender. It was made timely, and a certified check, while not a legal medium of payment, is a substitute for money which is commonly and generally used in business and commercial transactions; and likewise in legal proceedings and may be considered as so much money. 36 Am.Jur., Money, section 10.

The appellant makes the argument that Instructions II, III and IV, given by the court, were erroneous. Instruction II defined certain duties required of McGregor in driving his car. Since liability was admitted, we fail to see wherein this instruction was prejudicial. Instruction III dealt with the effect of the settlement and release signed by the appellee. We find no error in this instruction. The fourth instruction permitted Mrs. Mills to recover $500 for medical and hospital bills. The appellant contends that was erroneous because they were taken care of by the labor union to which her husband belonged. The evidence showed, however, that the medical bills were still unpaid at the time of the trial.

Finally, McGregor argues that the evidence showing Mrs. Mills had two children, who were attending school, should have been excluded. While that evidence may have been immaterial, we do not think its admission was prejudicially erroneous. There was ample evidence to support the jury's verdict.

Judgment affirmed.