**Elizabeth GILL, Appellant,**

v.

**Virginia COOK, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

automobile accident. In seeking reversal, appellant urges that the court erred in refusing to direct a verdict for her on the ground that there was no competent evidence of injury and in overruling a motion for summary judgment on the ground that plaintiff's claim had been settled. We discuss there arguments in the reverse order stated above.

Briefly, it is uncontradicted that appellant struck appellee's car from the rear while appellee was double parked on Broadway Street in Frankfort. No explanation is offered by appellant for the accident, nor does she refute testimony concerning her actions after the accident. In fact, appellant did not testify at the trial.

After the accident appellee received a draft from appellant's insurance carrier in the amount of $6.45, which recited that it was to be in full settlement of her claim. On advice of her attorney, appellee did not present the draft for payment. Appellant urges that a statement by counsel at the pre-trial deposition of appellee to the effect that he had advised her not to cash the draft amounts to a stipulation that there had been a settlement, thus obviating the necessity of a plea of accord and satisfaction or release as an affirmative defense. CR 8.03.

The record discloses that appellant's original answer contained only a formal denial of negligence and a plea of contributory negligence. Subsequently a plea setting forth payment of $15.00 to appellee by appellant was filed. It appears that at a hearing of criminal charges against appellant, appellee demanded certain "witness expenses". Whether the $15.00 ever was paid is immaterial, since appellant has abandoned this ground on appeal. The trial court quite correctly held this payment, if made, not to be in full satisfaction of the claim.

The tender of $6.45 presents another problem. It is undisputed that the tender was made. Conceding arguendo that

Allen Prewitt, Jr., Frankfort, for appellant.

Marion Rider, Edward F. Prichard, Jr., Frankfort, for appellee.

THOMAS A. BALLANTINE, Jr., Special Commissioner.

Appellee, plaintiff below, recovered judgment of defendant-appellant in the amount of $9,281.12 for injuries sustained in an

the statement of counsel for appellee amounts to a stipulation that the tender was made and thus no affirmative defense under CR 8.03 need be asserted, can it be said that mere inaction on the part of the payee is acceptance? We hold that it cannot. Cases supporting the proposition that one must tender a return of the consideration for a release before he can attack the validity of the release are legion. McGregor v. Mills, Ky., 280 S.W.2d 161, 53 A.L.R.2d 753. But in such cases there has invariably been an actual receipt of the consideration. To extend the rule announced in the *McGregor* case to situations in which the tort-feasor *tenders* a release, accompanied by a *tender* of consideration, requires tortured reasoning which we are unwilling to follow. Were we willing to adopt appellant's reasoning that a tender of consideration for a release, unless rejected by the injured party, is binding upon him, we would open the flood gates to a tide of litigation in which tort-feasors would plead as a bar the fact that a tender was made and there was no specific rejection by the injured party. The possibilities of irregularity are numberless. We are unwilling to place the burden of affirmative action upon the injured party to protect himself from possible over-reaching. We adhere to the rule that there must be actual rather than constructive receipt of the consideration. Tendering a draft which may be dishonored by the payor upon presentment does not ipso facto result in actual receipt of the consideration recited in the draft.

Appellant next urges that there is no substantive proof of injury justifying an award to appellee. Although the award was liberal, appellant does not complain that it is excessive, but insists instead that she was entitled to a directed verdict upon the ground that there was a failure of proof of injury. A cursory glance at the record shows the fallacy of this position. Appellee testified that she first began to experience pain shortly after the accident, and that the pain became progressively worse

until October after the accident in September. In October she consulted her family physician after an episode which occurred when she tried to get out of bed. On that occasion she had taken four or five steps and found she could go no farther. She was taken to a hospital where she received medication. Except to point out that her medical expenses amounted to $1,701.12 and her lost earnings to $2,580.00, it would serve no useful purpose to detail the medical treatment and expenses of such treatment, since no claim of excessiveness is asserted. It is manifest that there was probative evidence of pain immediately after the accident. Appellee testified that prior to the accident she had been employed by the State Department of Conservation and that she had also been a housewife. She testified that she had no difficulty in performing the customary tasks of housekeeping and that her work was not impaired by her condition.

Appellee was treated by her family physician and by an orthopedist, Dr. Gumbert. The latter testified:

"On the basis of the history given, one with regard to this lady's condition prior to the accident, and on the basis of the description given me of this accident, it is my opinion that since this lady apparently had no pain prior to the injury and got along well, and since she has had trouble following the accident, that her present condition * * * that her present pain and other symptoms are the result of the accident which was described."

Clearly, the doctor's testimony furnished sufficient probative evidence to justify a finding by a jury that the accident aggravated a pre-existing condition in appellee's back. Appellant, on the other hand, contends that all of appellee's troubles may be traced to the pre-existing spondylolisthesis, admittedly a congenital defect. The trial court properly instructed the jury on the question of aggravation of the pre-existing condition, and the jury apparently

resolved this issue adversely to appellant. It is well settled that a wrongdoer is responsible for the consequences flowing from his wrongful act. Hazelwood v. Hodge, Ky., 357 S.W.2d 711. Prior to the accident plaintiff, by her uncontroverted evidence, was healthy and able to perform her duties as an employee of the Department of Conservation, as well as to perform the rigorous duties of a housewife. After the accident her pre-existing condition was lighted up to a disabling degree, and the medical evidence amply supports the jury's finding that the accident was the causal incident.

We find no error and recommend that the judgment of the trial court be affirmed.

The opinion is approved and the judgment affirmed.